**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
JACK PIUGGI,

                    Plaintiff,

    - against -

GOOD FOR YOU PRODUCTIONS LLC, GRAND
STREET MEDIA INC., WARNER BROS.
DISCOVERY INC., HOME BOX OFFICE INC.,
and DOES 1-25,

                    Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/8/2024

**23 Civ. 3665 (VM)**

<u>ORDER</u>

**VICTOR MARRERO, United States District Judge.**

By Decision and Order ("D&O") on July 2, 2024, the Court granted Defendants' motions to dismiss the Complaint, granted Plaintiff's request for leave to amend, and directed Plaintiff to file an amended complaint within thirty days of the D&O. (<u>See</u> Dkt. No. 51.) Without seeking leave for an extension of time, Plaintiff filed an Amended Complaint ("AC") on August 3, 2024 - two days after the deadline established by the Court had expired. (<u>See</u> Dkt. No. 52.) On August 5, 2024, Defendants filed a proposed judgment ("Proposed Judgment") dismissing the AC with prejudice (<u>see</u> Dkt. No. 53), and the Court issued an Order to Show Cause ("Order") directing Plaintiff to explain why the AC should not be dismissed as untimely (<u>see</u> Dkt. No. 54). In a declaration filed the next day, Plaintiff's counsel offers an

1

explanation for the late filing, and requests that the Court deny Defendants' Proposed Judgment and grant Plaintiff leave to file the AC. (See Declaration of Robert J. Hantman,[1] Dkt. No. 56 [hereinafter the "Declaration"].) For the reasons stated below, the Court grants Plaintiff's request for leave to file the AC and denies Defendants' Proposed Judgment.

Rule 6 of the Federal Rules of Civil Procedure permits the Court to extend the deadline for a filing "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).[2] "To establish excusable neglect, a movant must show good faith and a reasonable basis for noncompliance." In re Am. Exp. Fin. Advisors Sec. Litig., 672 F.3d 113, 129 (2d Cir. 2011) (alteration omitted) (quoting In re Painewebber Ltd. Partnerships Litig., 147 F.3d 132, 135 (2d Cir. 1998)). The Supreme Court has held that the inquiry into whether a movant has shown excusable neglect is "at bottom an equitable one" that takes into account "all relevant circumstances," including: (1) "the danger of prejudice" to the non-moving party; (2) "the length of the delay and its potential impact

---

[1] Mr. Hantman is managing partner of Hantman & Associates, counsel for Plaintiff in this action. (See Dkt. No. 56, at 1.)

[2] The Court construes the Declaration as a motion for leave to file a late amended complaint. See Savor Health, LLC v. Day, No. 19 Civ. 9798, 2022 WL 16951457, at *2 n.2 (S.D.N.Y. Nov. 15, 2022).

2

on judicial proceedings"; (3) "the reason for the delay"; and (4) "whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). The Second Circuit has noted that "excusable neglect is an elastic concept," Luo v. Baldwin Union Free Sch. Dist., 677 F. App'x 719, 720 (2d Cir. 2017) (quotation marks omitted), and "mere inadvertence, without more, *can* in some circumstances be enough constitute 'excusable neglect,'" Raymond v. IBM Corp., 148 F.3d 63, 66 (2d Cir. 1998). Indeed, "[e]xcusable neglect may be found where the relevant circumstances reveal inadvertent delays, mistakes, or carelessness," and this standard "clearly is broad enough to encompass even those omissions caused by circumstances within the movant's control." Painewebber Ltd., 147 F.3d at 135.

In this case, Plaintiff's counsel presents a plausible, good faith explanation for its failure to timely file the AC. According to the Declaration, Plaintiff's counsel initially miscalculated the deadline by one day, as being on August 2, 2024; then, while attempting to file the AC on August 2, counsel experienced "technical issues" with the exhibits that delayed filing by several hours, until August 3. (Declaration at 1-2.) These are the sorts of "inadvertent delays" and "mistakes" that have been found excusable. See, e.g., Savor Health, LLC v. Day, No. 19 Civ. 9798, 2022 WL 16951457, at *2

3

(S.D.N.Y. Nov. 15, 2022) (finding "excusable neglect" for answer filed more than three and a half months late where there was "no evidence that [defendant] acted in bad faith" and delay "appears to reflect carelessness rather than an attempt to gain an unfair advantage in this action"); Trisura Ins. Co. v. Bighorn Constr. & Reclamation, LLC, No. 23 Civ. 11053 (GHW)(JW), 2024 WL 1658853, at *3 (S.D.N.Y. Apr. 17, 2024) (finding "excusable neglect" where defendants' failure to timely file answer was "not willful" but "careless"). Moreover, such a relatively modest delay is unlikely to prejudice Defendants or negatively impact the judicial proceedings, especially considering "the early stages of this case." Id.; see Savor Health, 2022 WL 16951457, at *2 (finding "little danger of prejudice" and "no discernable impact on the judicial proceedings" for late answer where plaintiff had "notice" that defendant "intended to contest" plaintiff's claims); accord Brown v. City of N.Y., No. 11 Civ. 1068, 2014 WL 896737, at *2 (S.D.N.Y. Feb. 27, 2014) ("[T]he length of the delay – seven days – was not significant.").

For these reasons, Defendants' Proposed Judgment Dismissing Complaint with Prejudice (Dkt. No. 53) is **DENIED,** and Plaintiff's request (Dkt. No. 56) for an extension of time to file the Amended Complaint (Dkt. No. 52) is **GRANTED.**

Defendants shall file an answer or otherwise respond to the Amended Complaint within twenty-one (21) days of this Order.

**SO ORDERED.**

Dated:     8 August 2024
           New York, New York

_____
Victor Marrero
U.S.D.J.