```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/26/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACK PIUGGI,

                Plaintiff,

-against-

GOOD FOR YOU PRODUCTIONS LLC, GRAND STREET MEDIA INC., WARNER BROS. DISCOVERY, INC., HOME BOX OFFICE INC., and DOES 1-25 *being other affiliated entities and individuals whose names and wrongdoings will be revealed in the course of discovery*,

                Defendants.

Case No. 23-CV-03665 (VM)

**STIPULATION AND PROTECTIVE ORDER**

    WHEREAS, Plaintiff Jack Piuggi and Defendants Warner Bros. Discovery, Inc. and Home Box Office Inc. (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

    WHEREAS, the Parties, through counsel, agree to the following terms;

    WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

    WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

    WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action.

    IT IS HEREBY ORDERED that any person subject to this Protective Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order – shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" *(i.e.,* information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" or "Attorneys' Eyes Only" pursuant to the terms of this Protective Order (hereinafter "Protected Discovery Material") shall not disclose such Protected Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as "Confidential" only such portion of such material the public disclosure of which either is restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

    a. previously nondisclosed financial information;

    b. any information of a personal or intimate nature regarding any individual; or

    c. any other category of information hereinafter given Confidential status by the Court.

3. The person producing any given Discovery Material may designate as "Attorneys' Eyes Only" only such portion of such material the public disclosure of which either is restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

    a. previously nondisclosed highly sensitive financial information;

    b. previously nondisclosed sensitive commercial information relating to any party's business including, but not limited to, tax data; proposed strategic transactions or other business combinations; trade secrets; marketing plans and strategies; studies or analyses by internal or outside experts; competitive analyses; product or service pricing or billing agreements or guidelines; and/or confidential project-related information (e.g., budget assumptions, work plans, shooting schedules, scripts, and casting applications); or

    c. any other category of information hereinafter given Attorneys' Eyes Only status by the Court.

4. With respect to the Confidential or Attorneys' Eyes Only portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Attorneys' Eyes Only" by: (a) stamping or otherwise clearly marking as "Confidential" or "Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

5.	With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential or Attorneys' Eyes Only information, in which case the court reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order" and/or "or "Attorneys' Eyes Only Information Governed by Protective Order"; or (b) notifying the court reporter and all counsel of record, in writing, within 30 days after the producing person's or that person's counsel's receipt of the final transcript, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential or Attorneys' Eyes Only, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the court reporter.  During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Attorneys' Eyes Only.

6.	If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he, or it previously had produced without limitation should be designated as Confidential or Attorneys' Eyes Only, she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material thereafter will be deemed to be and treated as Confidential or Attorneys' Eyes Only under the terms of this Protective Order.  After such designation, the receiving person shall inform persons to whom it provided the Discovery Material of the designation or, as necessary, request their destruction or return of the Discovery Material but shall not otherwise be responsible for any dissemination of the Discovery Material that occurred before the designation.

7.	No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as **Confidential** to any other person whomsoever, except to:

   a.	the Parties to this action, their insurers, and counsel to their insurers;

   b.	counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

   c.	outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

   d.	any mediator or arbitrator who the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   e.	as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

  f.  any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto and is not a current or former officer, shareholder, owner, manager, partner, distributor, independent contractor, affiliate, director, employee, employee, contractor, relative, or customer of the Party receiving the Discovery Material;

  g.  stenographers/court reporters engaged to transcribe depositions conducted in this action; and

  h.  this Court, including any appellate court, and the court reporters and support personnel for the same.

8. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as **Attorneys' Eyes Only** to any other person whomsoever, except to:

  a.  counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

  b.  outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

  c.  any mediator or arbitrator who the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

  d.  as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

  e.  any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto and is not a current or former officer, shareholder, owner, manager, partner, distributor, independent contractor, affiliate, director, employee, employee, contractor, relative, or customer of the Party receiving the Discovery Material;

  f.  stenographers/court reporters engaged to transcribe depositions conducted in this action; and

  g.  this Court, including any appellate court, and the court reporters and support personnel for the same.

9. Prior to any disclosure of any Protected Discovery Material to any person referred to in subparagraphs 7(d), 7(f), 8(c), or 8(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Section III of Judge Marrero's Individual Practices.

11. Any Party who requests additional limits on disclosure may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Section III of Judge Marrero's Individual Practices.

12. Recipients of Protected Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Protected Discovery Material for any business, commercial or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

13. Nothing in this Protective Order will prevent any person subject to it from producing any Protected Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

14. All persons seeking to file redacted documents or documents under seal with the Court shall follow Section II.H. of Judge Marrero's Individual Practices. The Parties shall use their best efforts to minimize such sealing.

15. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential or Attorneys' Eyes Only.

16. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Protected Discovery Material itself, and not text that in no material way reveals the Protected Discovery Material.

17. Each person who has access to Discovery Material that has been designated as Confidential or Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he or it immediately shall notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

19. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Protected Discovery Material, and all copies thereof or other materials containing Protected Discovery Material, shall be destroyed. Notwithstanding this provision, each Party's outside counsel of record may retain an archival copy of all Protected Discovery Material and materials containing Protected Discovery Material. Any such archival copies that contain or constitute Protected Discovery Material remain subject to this Order.

20. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED:

| | |
|---|---|
| /s/Paul A. Bost | /s/ Robert J. Hantman |
| Theodore C. Max | Robert J. Hantman |
| Jill M. Pietrini | HANTMAN & ASSOCIATES |
| Paul A. Bost | Counsel for Plaintiff Jack Piuggi |
| SHEPPARD MULLIN RICHTER & HAMPTON, LLP | |
| Counsel for Defendants Warner Bros. Discovery, Inc. and Home Box Office Inc. | |
| | |
| Dated: August 23, 2024 | Dated: August 23, 2024 |

-7-

SO ORDERED

Dated: 26 August 2024

_____
Victor Marrero
U.S.D.J.

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACK PIUGGI,<br><br>                              Plaintiff,<br><br>-against-<br><br>GOOD FOR YOU PRODUCTIONS LLC, GRAND STREET MEDIA INC., WARNER BROS. DISCOVERY, INC., HOME BOX OFFICE INC., and DOES 1-25 *being other affiliated entities and individuals whose names and wrongdoings will be revealed in the course of discovery*,<br><br>                              Defendants. | Case No.  23-CV-03665 (VM)<br><br>**<u>NON-DISCLOSURE AGREEMENT</u>** |

          I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Attorneys' Eyes Only.  I agree that I will not disclose such Confidential or Attorneys' Eyes Only Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Name: _____

Signature: _____

Date: _____

SMRH:4865-0477-5808.3