USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/10/26

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JACK PIUGGI,

Plaintiff,

- against -

GOOD FOR YOU PRODUCTIONS LLC, ET AL.,

Defendants.

**23 Civ. 3665 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

Plaintiff Jack Piuggi ("Piuggi") brought this action against Defendants Good For You Productions LLC ("GFY"), Grand Street Media Holdings Inc. ("Grand Street"), Home Box Office Inc. ("HBO"), and Warner Bros. Discovery, Inc. ("Warner," and, together with HBO, Grand Street, and GFY, "Defendants").[1] In his First Amended Complaint, Piuggi asserted claims for copyright infringement against all Defendants and breach of contract against Grand Street and GFY. (See "FAC", Dkt. No. 52.) On February 23, 2025, this Court granted Defendants' motion to dismiss in full Piuggi's First Amended Complaint. (See Dkt. No. 71.) Piuggi now moves, pursuant to Federal Rule of Civil Procedure ("Rule") 60(b), for relief from that judgment. (See "Motion" or "Mot.", Dkt.

[1] HBO is a wholly owned subsidiary of Warner. Accordingly, for purposes of this Decision and Order, the Court uses "WBD" to refer to both HBO and Warner.

No. 98.) Piuggi's Motion is meritless and is, therefore, DENIED.

## I. LEGAL STANDARD

Piuggi, whose previous counsel withdrew on February 13, 2026, makes his Motion *pro se*. (See Dkt. No. 110.) Motions submitted by *pro se* litigants are to be construed liberally, "reading such submissions to raise the strongest arguments they suggest." McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017) (citation omitted). Even so, "pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law[.]" Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (citation and quotation marks omitted).

Rule 60(b) permits a court to "relieve a party . . . from a final judgment, order, or proceeding" for certain enumerated reasons as well as for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Rule 60(b) provides a mechanism for extraordinary judicial relief available only if the moving party demonstrates exceptional circumstances, and relief under the rule is discretionary." Motorola Credit Corp. v. Uzan, 561 F.3d 123, 126 (2d Cir. 2009) (internal quotation marks, alteration, and citations omitted). "[I]n applying for relief under Rule 60(b), the movant must present highly convincing evidence, show good cause for the failure

to act sooner, and show that 'no undue hardship [would] be imposed on other parties.'" Axar Master Fund, Ltd. v. Bedford, 806 F. App'x 35, 40 (2d Cir. 2020) (summary order) (internal quotation marks and citation omitted). In addition, a "motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1).

## II. DISCUSSION

### A. PIUGGI'S RULE 60(B) MOTION

Piuggi's main argument for relief is his counsel's "documented pattern of neglect and constructive abandonment." (Mot. at 3, 16.) In general, errors committed by a party's counsel present "no ground for relief under Rule 60(b) because a client is not generally excused from the consequences of his attorney's nonfeasance or negligence." Lewis v. County of Nassau, No. 17 Civ. 1666, 2022 WL 742873, at *2 (E.D.N.Y. Mar. 11, 2022) (quoting Batac Dev. Corp. v. B&R Consultants, Inc., No. 98 Civ. 721, 2000 WL 307400, at *4 (S.D.N.Y. Mar. 23, 2000)); see also Brooks v. Doe Fund, Inc., No. 17 Civ. 3626, 2020 WL 5706451, at *4 (E.D.N.Y. Sept. 24, 2020) ("[A] lawyer's purported shortcomings present no cognizable ground for relief in a civil matter, where the Sixth Amendment right to counsel does not apply." (quoting Singh v. Home Depot U.S.A., Inc., 580 F. App'x 24, 25 (2d Cir. 2014) (summary order))). Courts have granted relief under Rule 60(b)(6)

"only in rare cases involving failures so egregious and profound that they amount to the abandonment of the client's case altogether, either through physical disappearance or constructive disappearance." Sarah R. v. Comm'r of Soc. Sec., No. 12 Civ. 6690, 2021 WL 5907897, at *4 (W.D.N.Y. Dec. 14, 2021) (internal quotation marks omitted and alteration accepted).

Piuggi has not demonstrated entitlement to relief on the basis of his counsel's actions. The record of this case, including the exhibits submitted by Piuggi in support of his Motion, demonstrates that, rather than "abandoning" his client, Piuggi's counsel engaged in active representation and ongoing, substantive communication with Piuggi. (See Dkt. No. 99.) Piuggi's arguments amount to dissatisfaction with his representation and the outcome of his case, neither of which is a sufficient ground for relief under Rule 60(b). See, e.g., Brooks, 2020 WL 5706451, at *4.

In the alternative, Piuggi argues that he is entitled to relief under Rule 60(b)(2) on the basis of "newly available evidence" concerning the size of Grand Street's business. (Mot. at 27-28.) To support relief under Rule 60(b)(2), newly discovered evidence must be, *inter alia*, "of such importance that it probably would have changed the outcome." United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 392 (2d Cir.

2001). The evidence cited by Piuggi — a single statement that Grand Street hired "small production crews as needed, on a project basis" — would not have come close to affecting the outcome of this matter. (Mot. at 27.) As this Court has repeatedly explained, Piuggi's claims were wholly unsupported by plausible allegations of fact concerning Defendants' access to his work, the similarity of Defendants' work to his own, and the breach of any contract. (See Dkt. No. 71.) An additional allegation that Grand Street occasionally employed "small production crews" would have done nothing to cure these myriad deficiencies.

B. WBD'S REQUEST FOR ATTORNEYS' FEES

In its brief in opposition to Piuggi's Motion, WBD requests that the Court award it its attorneys' fees expended in opposing the Motion pursuant to Section 505 of the Copyright Act. (See Dkt. No. 119 at 10.) Section 505 of the Copyright Act authorizes courts to award attorneys' fees to the "prevailing party" in an action. See 17 U.S.C. § 505. The "prevailing party" for purposes of Section 505's fee-shifting provision is "one who has favorably effected a 'material alteration of the legal relationship of the parties' by court order." Garcia v. Yonkers Sch. Dist., 561 F.3d 97, 102 (2d Cir. 2009) (quoting Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604 (2001)).

WBD does not meet the definition of a prevailing party. The denial of Piuggi's Motion does not materially alter the legal relationship between the parties. Before Piuggi's Motion was filed and hereby denied, Piuggi's Copyright Act claim against WBD had been dismissed with prejudice. (See Dkt. No. 71 at 37-38.) The denial of Piuggi's motion has not changed that fact or the legal relationship between Piuggi and WBD. Accordingly, WBD's request for attorneys' fees is denied.

Although the Court denies WBD's request for attorneys' fees, the Court hereby provides notice to Piuggi that the further filing and pursuit of similarly frivolous motions may be grounds for sanctions, including but not limited to attorneys' fees, pursuant to Federal Rule of Civil Procedure 11 and this Court's inherent authority. See, e.g., Sassower v. Field, 973 F.2d 75, 80-81 (2d Cir. 1992) ("[A] district court has inherent authority to sanction parties appearing before it for acting in bad faith, vexatiously, wantonly, or for oppressive reasons.").

## III. ORDER

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff Jack Piuggi's motion for relief from judgment (Dkt. No. 98) is **DENIED**; it is further

**ORDERED** that the request of Defendants Warner Bros. Discovery, Inc. and Home Box Office Inc. for an award of attorneys' fees is **DENIED.**

The Clerk of Court is respectfully directed to terminate the motion at Docket Number 98.

**SO ORDERED.**

Dated: 10 August 2026
New York, New York

Victor Marrero
U.S.D.J.