USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/13/26

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JACK PIUGGI,

Plaintiff,

- against -

GOOD FOR YOU PRODUCTIONS LLC, ET AL.,

Defendants.

**23 Civ. 3665 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

Plaintiff Jack Piuggi ("Piuggi"), proceeding *pro se*, moves this Court to reconsider its July 20, 2026 Decision and Order granting in part and denying in part Defendants' motions for an award of attorneys' fees and sanctions. For the reasons that follow, Piuggi's motion is **GRANTED IN PART** and **DENIED IN PART.**

## I. BACKGROUND

Piuggi brought this action against Defendants Good For You Productions LLC ("GFY"), Grand Street Media Holdings Inc. ("Grand Street"), Home Box Office Inc. ("HBO"), and Warner Bros. Discovery, Inc. ("Warner," and, together with GFY, Grand Street, and HBO, "Defendants").[1] In his First Amended Complaint, Piuggi asserted claims for copyright infringement

[1] HBO is a wholly owned subsidiary of Warner. Accordingly, for purposes of this Decision and Order, the Court uses "WBD" to refer to both HBO and Warner.

against all Defendants and breach of contract against Grand Street and GFY. (See "FAC", Dkt. No. 52.) On February 23, 2025, this Court granted Defendants' motion to dismiss in full Piuggi's First Amended Complaint.[2] (See Dkt. No. 71.) The Court assumes the parties' familiarity with the facts of this case and therefore provides only a summary of the relevant facts.

On March 10, 2025, Grand Street and WBD timely moved for attorneys' fees under Section 505 of the Copyright Act ("Section 505"). (See Dkt. Nos. 73, 76.) Grand Street also moved for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"). (See Dkt. No. 73.) The Court granted in part and denied in part Defendants' motions. (See "Decision and Order", Dkt. No. 118.)

The Court explained that the award of Defendants' attorneys' fees and costs were appropriate in part because Piuggi's copyright infringement claim was objectively unreasonable and at least partially motivated by a desire to garner publicity for himself and profit from that publicity. (See id. at 9, 11.) The Court reasoned further that compensation and deterrence considerations supported a fee

[2] Piuggi also moved for relief from the Order granting Defendants' motion to dismiss in full under Federal Rule of Civil Procedure 60(b). (See Dkt. No. 98.) This Court denied that motion as meritless on August 10, 2026. (See Dkt. No. 123.)

award. (See id. at 12.) The Court extensively analyzed Defendants' submissions of the hourly rates and number of hours spent defending against Piuggi's copyright claim and applied discounts to those figures. (See id. at 13-20.) The Court concluded that WBD, represented by Sheppard, Mullin, Richter & Hampton, was to be awarded $75,069.10 in fees and $505.10 in costs and that Grand Street, represented by Shapiro Arato Bach LLP, was to be awarded $30,641.16 in fees. (See id. at 21-22.) As to Rule 11 sanctions, the Court denied Grand Street's Rule 11 motion because it was procedurally improper. (See id. at 20-21.)

Piuggi now moves the Court, *pro se*, to reconsider this Court's Decision and Order pursuant to Federal Rules of Civil Procedure 59(e) and 60(a) and Local Civil Rule 6.3.

## II. LEGAL STANDARD

Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal citations and quotation marks omitted). "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered[,] and decided." Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990).

A request for reconsideration under Local Rule 6.3 must be narrowly and strictly construed, so as to avoid duplicative rulings on previously considered issues and prevent Local Rule 6.3 from being used to advance different theories not previously argued or as a substitute for appealing a final judgment. See Montanile v. Nat'l Broad. Co., 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002); Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999).

"The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure Section 4478 at 790 (2d ed.)). The movant must point to controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and "that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "A motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Id.

Federal Rule of Civil Procedure 60(a) provides that a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).

Recognizing that Piuggi is proceeding *pro se*, the Court will construe the Motion liberally "to raise the strongest arguments that [it] suggest[s]." Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (internal quotation marks omitted); see also Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995) ("The complaint of a pro se litigant is to be liberally construed in his favor."). Even so, "pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law[.]" Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (citation and quotation marks omitted).

## III. DISCUSSION

The Court first considers Piuggi's arguments for reconsideration of the merits. Then the Court turns to his argument regarding a clerical error under Rule 60(a).

### A. RECONSIDERATION OF THE MERITS

Because Piuggi identifies no intervening change in controlling law, newly discovered evidence, or clear error of

law, the Motion is **DENIED** insofar as it requests reconsideration of the Decision and Order's merits.

i. Intervening Change in Law

The first major ground justifying reconsideration is an intervening change in law. See Virgin Atl. Airways, Ltd., 956 F.2d at 1255. Piuggi cites no intervening change in controlling law or any relevant binding authority overlooked by the Court that "might reasonably be expected to alter" the outcome of the Decision and Order. Shrader, 70 F.3d at 257. (See generally Mot.) Accordingly, the Court finds no basis for relief under this ground.

ii. Newly Available Evidence

The second major ground justifying reconsideration is the availability of new evidence. See Virgin Atl. Airways, Ltd., 956 F.2d at 1255. Evidence is "newly available" only where it "was truly newly discovered or could not have been found by due diligence." Space Hunters, Inc. v. United States, 500 F. App'x 76, 81 (2d Cir. 2012) (internal quotation marks omitted). "A motion to reconsider is not petitioner's opportunity to put forward evidence that he could have, but failed, to provide the Court when the Court initially considered the motion." Muyet v. United States, No. 03-CV-4247, 2009 WL 2568430, at *3 (S.D.N.Y. Aug. 19, 2009). Because the Motion presents no newly discovered evidence, the Court

finds no basis for relief under this ground. (See generally Mot.)

The Court considers Piuggi's argument regarding then-counsel's 2023 emails in the next subsection because the "emails are not newly discovered" and are offered "under Rule 59(e)'s manifest-injustice branch." (Mot. at 7.) Even if the Court considers the emails under the "newly available evidence" basis for reconsideration, Piuggi's argument fails. The emails constitute evidence that Piuggi "could have, but failed, to provide the Court when the Court initially considered the motion" for attorneys' fees. See Muyet, 2009 WL 2568430, at *3. They therefore do not constitute "newly available evidence" that would justify reconsideration. See Space Hunters, Inc., 500 F. App'x at 81.

Piuggi presents no newly discovered evidence, so the Court finds no basis for relief on this ground. (See generally Mot.)

iii. Clear Error of Law

The third major basis for reconsideration Piuggi advances is the "need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd., 956 F.2d at 1255. "A district court commits clear error when a reviewing court would be 'left with the definite and firm conviction that a mistake has been committed.'" Eckhart v. Fox News

Network, LLC, No. 20-CV-5593, 2022 WL 4579121, at *1 (S.D.N.Y. Sep. 29, 2022) (quoting Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985)). Reconsideration to prevent "manifest injustice" "is not warranted unless the prior decision is dead wrong." In re Air Crash at Belle Harbor, N.Y. on Nov. 12, 2001, No. 2-CV-3143, 2007 WL 4563485, at *1 n.1 (S.D.N.Y. Dec. 18, 2007); see also United States v. M/Y Amadea, No. 23-CV-9304, 2025 WL 3237891, at *3 (S.D.N.Y. Nov. 20, 2025).

Construing Piuggi's Motion liberally, see Abruzzo, 49 F.3d at 87, Piuggi presents both old and new arguments. (See generally Mot.) However, a motion for reconsideration is not "an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). Piuggi makes two old arguments and one new argument.

First, Piuggi alleges that the Court erred by failing to consider his financial hardship allegations in calculating Grand Street's award, even though it considered these allegations in determining and discounting WBD's award. (See Mot. at 5.) Piuggi again does not support his second "attestation of financial hardship with bank or tax records." (See Decision and Order at 19.) In response, Grand Street

argues that Section 505 does not require a court to consider a plaintiff's alleged financial hardship in determining whether to discount attorneys' fees; rather, courts have discretion to consider "the *relative financial positions* of the parties" in a fee award analysis. (See Dkt. No. 125.)

The Court agrees with Grand Street. Piuggi misunderstands that applying a discount to a fee award under Section 505 is within the court's discretion and based on the parties' "relative financial positions," not any allegations of financial hardship. See Nwosuocha v. Glover, No. 21-CV-4047, 2025 WL 560846, at *8 (S.D.N.Y. Feb. 20, 2025), aff'd, No. 25-647, 2026 WL 468746 (2d Cir. Feb. 19, 2026). Moreover, "individuals who bring objectively unreasonable claims," as Piuggi did in this case, "should not be given a 'free pass' just because they have limited financial resources." Muller v. Twentieth Century Fox Film Corp., No. 08-CV-02550, 2011 WL 3678712, at *4 (S.D.N.Y. Aug. 22, 2011). (See Decision and Order at 9.)

Unlike WBD, a large media conglomerate, "Grand Street Media is a small, independent video production company" with "just three full-time employees" that "assemble[s] small production crews as needed, on a project basis to shoot [its] video productions." (See Dkt. Nos. 91-92.) While "the financial disparity between Piuggi and WBD is clear,"

(Decision and Order at 19), the relative financial differences between Grand Street, a small, independent company, and Piuggi is far less pronounced. Considering Grand Street's size and that discounting a fee award is discretionary based on the parties' relative financial positions, see Nwosuocha, 2025 WL 560846, at *8, the Court finds that it committed no "clear error" or failed to "prevent manifest injustice" by discounting only WBD's award. Virgin Atl. Airways, Ltd., 956 F.2d at 1255.

Second, Piuggi argues that two 2023 emails[3] from his then-counsel weaken the Court's inference that Piuggi maintained the litigation for publicity and financial gain. (See Decision and Order at 11; Mot. at 5, 7-11.) The first email allegedly stated that Piuggi "'could raise $ through a go fund me' and speak publicly about the case as it progressed." (Mot. at 7.) In the second email, Piuggi's counsel allegedly "instructed Plaintiff to 'stop all media on case' and to remove the donate button because 'it can be used against you.'" (Mot. at 7-8.) Piuggi contends these emails demonstrate that he was acting on the advice of counsel and not improperly motivated. (Mot. at 8-9.) Because Piuggi could

[3] The Court acknowledges that Piuggi requested leave to submit a declaration attaching counsel's emails pursuant to Local Rule 6.3. (See Mot. at 6.) However, because those emails would not affect the outcome of the instant Decision and Order, the Court declines to grant leave.

have, but failed to make this argument previously, (see Dkt. Nos. 84-85), the Court need not consider it. See Associated Press, 395 F. Supp. at 20 (rejecting a new argument on reconsideration that a party "could readily have raised when the underlying issue was being briefed but chose not to do so").

The argument that certain emails from Piuggi's then-counsel weaken the Court's inference regarding Piuggi's motives for maintaining this litigation also fails on the merits. As the Court explained in its Decision and Order, an award of attorneys' fees and costs under Section 505 is a case-by-case inquiry depending on several factors, including "frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence." Kirtsaeng v. John Wiley & Sons, Inc., 579 U.S. 197, 202 (2016) (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994)). In particular, the objective unreasonableness of a plaintiff's claims is accorded "substantial weight," although not dispositive. Bryant v. Media Right Prods., Inc., 603 F.3d 135, 144 (2d Cir. 2010). Applying this fact-specific standard, the Court finds that the 2023 emails do not change the Court's holding that the objective unreasonableness of Piuggi's copyright infringement claims, compensation, and

deterrence weighed in favor of the fee award. (See Decision and Order at 7-13.)

Third, the thrust of Piuggi's final argument is that he should not be responsible for the entire fee award because his former counsel was responsible for any litigation errors. (See Mot. at 11-14.) However, this Court has already disposed of this meritless argument: "rather than 'abandoning' his client, Piuggi's counsel engaged in active representation and ongoing, substantive communication with Piuggi." (Dkt. No. 123) (citation omitted). Here, yet again, "Piuggi's arguments amount to dissatisfaction with his representation and the outcome of the case." (Id.)

Even if Piuggi's third argument is construed as a request that his former counsel be held jointly and severally liable for the fee award, (see Mot. at 11-12), that argument is still unavailing. See McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017) (reading pro se "submissions to raise the strongest arguments they suggest"). "To hold counsel liable for fees owed by their client, a court must make two findings: first, that the challenged claim was without a colorable basis and, second, that the claim was brought in bad faith, *i.e.*, motivated by improper purposes such as harassment or delay." Charles v. Seinfeld, No. 18-

CV-1196, 2022 WL 889162, at *9 (S.D.N.Y. Mar. 25, 2022) (cleaned up). Here, Piuggi concedes that his former counsel's actions do not "establish bad faith," (Mot. at 11), and fails to explain why those actions warrant reduction of the fee award. Following review of the record, the Court finds insufficient evidence justifying joint and several liability, let alone reconsideration of the Decision and Order.

* * *

For the reasons stated above, the Court is not "left with the definite and firm conviction that a mistake has been committed." See Eckhart, 2022 WL 4579121, at *1. Nor is the Court persuaded that its prior decision is "dead wrong." See In re Air Crash at Belle Harbor, N.Y. on Nov. 12, 2001, 2007 WL 4563485, at *1 n.1. Accordingly, the Court finds that the "need to correct a clear error or prevent manifest injustice" is not present. See Virgin Atl. Airways, Ltd., 956 F.2d at 1255. Reconsideration of the merits is therefore not justified.

B. CLERICAL ERROR UNDER RULE 60(a)

Turning to Piuggi's Rule 60(a) argument, the Court agrees with Piuggi's arithmetic corrections. Rule 60(a) allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in

a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). The Motion correctly identifies two mistakes "arising from oversight" in the Decision and Order. See id. (Mot. at 14.)[4] For the reasons stated in the Motion, the Motion is **GRANTED** insofar as it seeks relief under Rule 60(a).

## IV. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion for reconsideration of plaintiff Jack Piuggi ("Piuggi") (Dkt. No. 121) is **DENIED** to the extent it seeks reconsideration of the merits of the Decision and Order granting in part and denying in part the Motion for Attorneys' Fees (Dkt. No. 118); it is further

**ORDERED** that Piuggi's Motion to Amend the Decision and Order granting in part and denying in part the Motion for Attorneys' Fees (Dkt. No. 118) to correct clerical errors pursuant to Rule 60(a) is **GRANTED**. The **ORDER** is hereby amended such that Warner Bros. Discovery, Inc. and Home Box Office Inc. (collectively, "WBD"), represented by Sheppard Mullin Richter & Hampton, LLP, shall be awarded $505.01, not $505.10,

[4] The first clerical mistake is that WBD's costs should be $505.01, not $505.10, because $574.31 (WBD's costs) less $69.30 (electronic research costs) is $505.01. (See Mot. at 14.) The second clerical mistake is that Grand Street's fee award should be $30,640.87, not $30,641.16. $29,761.47 (Grand Street's fees in defending against Piuggi's copyright claim) less $1,906.13 (fifteen percent of the time billed in preparing certain pre-motion letters) equals $27,855.34, not $27,855.60. (See id.) Conforming that figure to the Decision and Order's fee discounts yields $2,785.53 and a corrected total of $30,640.87. (See id.)

in costs; and Grand Street, represented by Shapiro Arato Bach LLP, shall be awarded $30,640.87, not $30,641.16, in fees.

The clerk of court is respectfully directed to terminate the motion pending at Docket Number 121.

**SO ORDERED.**

Dated: October 13, 2026
New York, New York

_________________________
Victor Marrero
U.S.D.J.